IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JOHN McNAUGHTON ENGLISH, SR.,:
:
        Petitioner,      :
:
    VS.                     :   CASE NO. 5:14-CV-66-MTT-MSH
:        28 U.S.C. § 2254
Warden DOUG WILLIAMS,     :
:
        Respondent.     :
_____

## REPORT AND RECOMMENDATION

Presently pending before the Court is Respondent's Motion to Dismiss Plaintiff's petition for habeas relief as untimely. (ECF No. 6.) For the reasons described below, Respondent's motion should be granted and Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed as untimely.

## BACKGROUND

On July 22, 2005, in the Superior Court of Lamar County, Petitioner was found guilty of two counts of criminal solicitation to commit murder and criminal solicitation to conceal a death. (Pet. for Writ of Habeas Corpus 1, ECF No. 1); *English v. State*, 290 Ga. App. 378, 378 (2008). Petitioner was sentenced to thirteen years on August 4, 2005. (Pet. for Writ of Habeas Corpus 1.) The Georgia Court of Appeals affirmed Petitioner's conviction on March 19, 2008. *English*, 290 Ga. App. at 385. Petitioner's application for a writ of certiorari was denied on June 16, 2008. *Id.* at 378; (Pet. for Writ of Habeas Corpus 5).

On June 30, 2009, Petitioner filed a state application for habeas relief.[1] (Resp't's Ex. 1, ECF No. 8-1.) The Superior Court of Coffee County issued a final order on June 12, 2012 denying Petitioner habeas relief. (Pet. for Writ of Habeas Corpus 5; Resp't's Ex. 2, ECF No. 8-2.) Petitioner filed an application for a certificate of probable cause in the Supreme Court of Georgia on July 12, 2012. (Pet. for Writ of Habeas Corpus 5.) The Supreme Court denied his application on February 18, 2013. (Pet. for Writ of Habeas Corpus 5; Resp't's Ex. 3, ECF No. 9-1.) Petitioner filed his federal application for habeas relief on February 10, 2014. (Pet. for Writ of Habeas Corpus 89, ECF No. 1-1.)

## DISCUSSION

**I.   The AEDPA limitations period**

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

   (1)   A 1-year period of limitation shall apply to an application for a writ of

---

[1] Petitioner states in his federal application for habeas relief that he filed his state habeas petition on July 15, 2010 in Coffee County. (Pet. for Writ of Habeas Corpus 5.) The exhibits submitted in the record show, however, that the state habeas petition was submitted in 2009 in Tattnall County. This earlier date is beneficial to Petitioner in determining the timeliness of his federal application for habeas relief so the Court has not attempted to reconcile this discrepancy.

2

>>habeas corpus by a person in custody pursuant to the judgment of a State court.
>
>>. . .
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Thus, in order to determine whether a petition was timely filed, the Court "must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final."  *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (internal quotation marks and citation omitted) (alterations in original).

## II. Petitioner's Application is outside the AEDPA one-year limitations period.

Here, the limitations period has expired and Petitioner's petition is untimely.  Petitioner timely appealed his conviction and sentence which were affirmed on March 19, 2008.  *English*, 290 Ga. App. at 385.  He sought certiorari with the Georgia Supreme Court, which was denied on June 16, 2008.  *Id.* at 378; (Pet. for Writ of Habeas Corpus 5).  Petitioner thereafter had ninety days to petition for certiorari with the United States Supreme Court.  Sup. Ct. R. 13.  Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.  Consequently, his judgment became final ninety days from June 16, 2008—September 15, 2008.  *See* 28 U.S.C. § 2244(d)(1)(A) (explaining that in the context of determining the AEDPA limitations period, the judgment is final on

the date of "the conclusion of direct review or the expiration of the time for seeking such review").

Petitioner had one-year from September 15, 2008, until September 14, 2009 within which to file his federal application for habeas relief unless the limitations period was tolled. 28 U.S.C. § 2244(d). He filed his state application for habeas relief on June 30, 2009, which tolled the AEDPA limitations period with 77 days remaining. (Resp't's Ex. 1.) The final order on his state application for habeas relief was filed on June 12, 2012. (Resp't's Ex. 2.) Petitioner timely filed an application for a certificate of probable cause which was denied by the Georgia Supreme Court on February 18, 2013. (Resp't's Ex. 3.) The AEDPA limitations period therefore began to run again on February 18, 2013 and expired 77 days later on May 6, 2013. Petitioner waited to file his federal application for habeas relief until February 10, 2014, 280 days after the limitations period had expired. Petitioner's federal application for habeas relief, filed after the expiration of the limitations period, fails to invoke the jurisdiction of this Court. Petitioner's application for habeas relief is therefore untimely and Respondent's motion to dismiss should be granted.

### III.   Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this

standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the reasons described above, it is recommended that Respondent's Motion to Dismiss (ECF No. 6) be GRANTED and Petitioner's action be dismissed as untimely.[2] Since Petitioner cannot meet the requisite standard, a certificate of appealability should be denied. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 19th day of September, 2014.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[2] In his response to the motion to dismiss, Petitioner states that he "formally asks this honorable Court to appoint counsel to represent him." (Pet'r's Rebuttal to Resp't's Br. in Supp. of Mot. to Dismiss 4, ECF No. 11-1.) To the extent that this could be construed as a motion to appoint, it is recommended that such motion be denied as moot since it is recommended that Petitioner's application for habeas relief be dismissed.