IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHN McNAUGHTON ENGLISH, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:14-CV-66 (MTT) |
| ) | |
| Warden DOUG WILLIAMS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## ORDER

Before the Court is the Recommendation of Magistrate Judge Stephen Hyles. (Doc. 15). The Magistrate Judge recommends granting the Respondent's motion to dismiss (Doc. 6) because the Petitioner did not file his 28 U.S.C. § 2254 petition within AEDPA's one-year period of limitations. The Petitioner objected to the Recommendation and requested an appointment of counsel and an evidentiary hearing "for habeas corpus relief." (Doc. 16). The Respondent opposed these requests. (Doc. 18). Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Petitioner's objection and made a de novo determination of the portions of the Recommendation to which the Petitioner objects.

The Court agrees that the petition was filed outside AEPDA's one-year limitations period. However, 28 U.S.C. § 2244(d)(2) tolling stopped when the remittitur was returned to the trial court on March 18, 2013,[1] not when the Georgia Supreme Court denied the Petitioner's application for a certificate of probable cause as stated in the

---

[1] The remittitur was stamped as filed in the Superior Court of Coffee County on March 18, 2013.

Recommendation (Doc. 15 at 4).[2]  *See Day v. Chatman*, 130 F. App'x 349, 350 (11th Cir. 2005).

The Court has reviewed the Recommendation and accepts the findings, conclusions and recommendations of the Magistrate Judge except as modified by this Order.  The Recommendation is **ADOPTED** and made the order of this Court.  Thus, the Petitioner's requests for an appointment of counsel and an evidentiary hearing are moot.  Further, the Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).  Therefore, the Respondent's motion to dismiss is **GRANTED**, and a certificate of appealability is **DENIED**.

**SO ORDERED**, this 5th day of December, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] AEDPA's limitations period begins to run when the state post-conviction proceedings achieve final resolution.  28 U.S.C. § 2244(d)(2).  The federal courts look to state law to determine when this final resolution is achieved.  Georgia law provides a judgment becomes final when the appellate court's judgment "is made the judgment of the trial court."  *Horton v. Wilkes,* 250 Ga. 902, 904, 302 S.E.2d 94, 96 (1983).  This happens when the remittitur has been returned to the trial court.  *See Day v. Chatman*, 130 F. App'x 349, 350 (11th Cir. 2005) ("In Georgia, an appeal is no longer pending 'where the appellate court has issued the remittitur and it has been received and filed in the clerk's office of the court below.") (quoting *Chambers v. State*, 262 Ga. 200, 201, 415 S.E.2d 643, 644-45 (1992)).